# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SAVAGE, | Civil Action No. 2: 14-cv-00724 |
| Plaintiff, | |
| v. | United States District Judge<br>Cathy Bissoon |
| DEPARTMENT OF CORRECTIONS<br>IN PITTSBURGH AND CO OF THE<br>PRISON, | United States Magistrate Judge<br>Cynthia Reed Eddy |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this action be dismissed without prejudice for Plaintiff's failure to follow the Court's Order dated June 25, 2014, requiring him to pay an initial partial filing fee of $13.57, or otherwise show cause why this case should not be dismissed.

### II.   REPORT

Plaintiff, proceeding *pro se*, initiated this prisoner civil rights action on June 5, 2014. Together with the Complaint, Plaintiff submitted a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1), which the Court granted on Jun 25, 2014, but directed him to pay $13.57 as an initial partial filing fee as required by 28 U.S.C. § 1915(b)(1)(A) (ECF No. 2). Plaintiff had until July 23, 2014, to submit the fee. When he had not done so by September 3, 2014, the Court ordered him to show cause why this case should not be dismissed. (Text Order dated 9/3/2014). Plaintiff had until September 23, 2014, to either pay the initial partial filing fee or show cause why he was unable to do so. As of the date of this Report and Recommendation,

1

Plaintiff has done neither. Because the Court will not direct the prison to withdraw money from Plaintiff's institutional account until Plaintiff authorizes such withdrawal, and it appears as if Plaintiff will never do so, the initial partial filing fee in this case will never get paid. In its Order of June 25, 2014, Plaintiff was warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him lapses in its duty to make payments on his behalf.

A district court has inherent power to dismiss a complaint, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the

attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the order granting him *in forma pauperis* status and directing him to file an initial partial filing fee of $13.57. There is also no indication that he did not receive the order to show cause for why he had not done so. The responsibility for his failure to comply is Plaintiff's alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendants have not yet been required to respond to the Complaint and therefore have not suffered specific prejudice other than that caused by general delay.

3. A history of dilatoriness.

Plaintiff has made no effort to move this case forward and has ignored the Court's Orders dated June 25, 2014 and September 3, 2014. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case.

4. Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. <u>Alternative sanctions.</u>

Plaintiff is proceeding *pro se*, and despite being granted *in forma pauperis status*, he has not paid the initial partial filing fee. Thus, it is likely that any sanction imposing costs or fees upon him would be ineffective.

6. <u>Meritorious of the claim or defense.</u>

Plaintiff alleges that his conditions of confinement while in "the hole" violated his Eighth Amendment rights. Given the nature of Plaintiff's allegations, and because this case is in the pre-service stage of litigation, this factor neither weighs for or against dismissal.

In summary, the majority of the <u>Poulis</u> factors weigh in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed.

## III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice for Plaintiff's failure to follow the Court's Order dated June 25, 2014, requiring him to pay an initial partial filing fee of $13.57, or otherwise show cause why this case should not be dismissed.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have until October 16, 2014, to file written objections to this Report and Recommendation. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: September 29, 2014.

s/ Cynthia Reed Eddy<br>
Cynthia Reed Eddy<br>
United States Magistrate Judge

cc: WILLIAM SAVAGE
JN8912
SCI Fayette
Box 9999
LaBelle, PA 15450-0999