IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:14-cv-0724 |
| | ) | |
| v. | ) | United States District Judge |
| | ) | Cathy Bissoon |
| DEPARTMENT OF CORRECTIONS IN | ) | |
| PITTSBURGH and CO OF THE PRISON, | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendants. | ) | |
| | ) | |
| | ) | |

**REPORT AND RECOMMENDATION
DEFENDANTS' MOTION TO DISMISS [ECF NO. 20]**

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss be granted. Further, any opportunity to amend would be futile, as it does not appear, given the facts of record, that Plaintiff could make out any non-time-barred claims.

Plaintiff has not responded to the motion, and the time for responding has now passed. Therefore, in the absence of any timely response by Plaintiff, the Court will deem the motion to dismiss to be ripe for resolution.

**II.    FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, William Savage, is a state prisoner confined at SCI-Fayette. He was granted *in forma pauperis* status on June 25, 2014, and his Complaint was filed that same day (ECF No. 3). The allegations of the Complaint are contained in one handwritten paragraph, with minimal punctuation and capitalization as follows:

> CO in the hole also on the block the CO's on the block would spit on me put me out so that everybody would know what my charges are, in the hole I got no

> shower, soap, or no paper work, threatened me, done all kinds of not human things took all my legal work made me a spectical in front of other inmates, denied me the same rights as others amoung the things that they were invistaged for treated me very unumane.

The Complaint lists the date of event as "2010" and the place of event simply "pittsburgh DOC." In response to the question of whether the incident occurred in an institution or place of custody in this District, Plaintiff responded "yes by Fayette county, Pittsburgh, pa doc."

Before the Court is Defendants' motion to dismiss in which they contend that Plaintiff's claims are time barred. The Court issued a Response / Briefing Schedule and Plaintiff was specifically advised to either file an amended complaint or a response to Defendants' motion to dismiss on or before July 21, 2015. Plaintiff was further advised that should he fail to comply with the Order, the Motion to Dismiss may be decided without the benefit of his response. See ECF No. 22 On July 21, 2015, Plaintiff was granted a ninety-day extension of time in which to respond to the motion. Plaintiff was again advised that should he fail to comply with the Order, the Motion to Dismiss may be decided without the benefit of his response. ECF No. 25. To date, Plaintiff has not filed any type of responsive pleading nor has he requested an additional extension of time in which to do so.

Accordingly, the Court will analyze the Complaint on the merits, notwithstanding that Plaintiff did not file a response to the pending motions. *Ray v. Reed*, 240 F. App'x 455, 456 (3d Cir. 2007).

### III. STANDARD OF REVIEW

#### A. *Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a section 1983 action,[1] the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami*, 82 F.3d at 65 (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege

---

[1] Even though Plaintiff does not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, in the Complaint, it is clear to this Court that Plaintiff is seeking to vindicate his federal Constitutional rights. However, because Plaintiff does not have a cause of action directly under the Constitution of the United States, nor does he identify another source of a federal right alleged to have been violated or another basis for federal jurisdiction, a liberal reading of the Complaint requires the Court to construe the Complaint as one invoking the Court's federal question jurisdiction pursuant to 42 U.S.C. § 1983.

sufficient facts to support a cognizable legal claim. Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

      B.     *Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to

the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

IV.  **ANALYSIS**

A complaint may be dismissed on statutory limitations grounds for failure to state a claim for which relief can be granted when it is facially clear both that the complaint was filed after the statute of limitations had run and that the defendants raised the affirmative defense in the motion to dismiss. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1385 (3d Cir.1994) (stating that while the pleading standard under Rule 8(c) does not typically allow statute of limitations defense in a Rule 12(b)(6) motion to dismiss, "an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading").

It is well established that there is no independent statute of limitations for bringing a claim under 42 U.S.C. § 1983 in federal court. Instead, the United States Court of Appeals for the Third Circuit has determined that "the [forum] state's statute of limitations for personal injury" applies to claims filed under 42 U.S.C. § 1983. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1988). The statute of limitations for personal injury

actions in Pennsylvania is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524.; *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993).

For federal claims arising out of alleged constitutional violations brought pursuant to 42 U.S.C. § 1983, the accrual date of the claim is determined in accordance with federal law. *Disabled in Action of Pa. v. Se. Pa. Trans. Auth.,* 539 F.3d 199, 209 (3d Cir. 2008). Generally, a civil rights claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric,* 142 F.3d at 599 (citing *De Botton v. Marple Twp.,* 689 F. Supp. 477, 480 (E.D.Pa.1988); *see also Large v. County of Montgomery*, 307 F. App'x 606, 606 (3d Cir. 2009). Therefore, the statute of limitations begins to run once a plaintiff has become aware or should have become aware of the underlying injury. *Id.*

The court can consider two additional factors in prisoner statute of limitations cases: whether equitable tolling is appropriate and whether applying the prisoner mailbox rule would make the filing date timely. The United States Court of Appeals for the Third Circuit has identified three situations in which equitable tolling may be used: (1) where a defendant actively misleads a plaintiff with respect to the cause of action; (2) where the plaintiff has been prevented from asserting the claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts [the] claims in a timely manner but has done so in the wrong forum. *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000).

The court also applies the "prisoner mailbox rule" which provides that an inmate's pleadings are deemed filed at the moment he delivers the documents to prison officials to be mailed, and not the date the documents were actually filed in court. *Houston v. Lack,* 487 U.S. 266, 275-76 (1988); *see also Burns v. Morton,* 134 F.3d 109, 113 (3d Cir. 1998) (explaining that "a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials

for mailing"). Although this rule has typically been applied in circumstances involving habeas petitions, courts within the Third Circuit have extended this rule to other contexts, including § 1983 claims. *See White v. Pa. State Police,* 408 F. App'x 521, 522 (3d Cir. 2010) (finding that a prisoner receives the benefit of the mailbox rule for a § 1983 complaint).

Defendants assert that Plaintiff filed his Complaint after the statute of limitations had run. As the Complaint clearly states, the dates of the event upon which the claims in the Complaint arise from is "2010." Therefore, the statute of limitations began running on sometime in "2010." Both the application for *in forma pauperis* and the Complaint were signed and dated by Plaintiff on March 1, 2014, the envelope is post-marked June 4, 2014, and both documents were received by the Clerk's office on June 5, 2014. Even if the allegations of which Plaintiff complains occurred on December 31, 2010, all of these dates are more than two years after that date.

The Court concurs with the Defendants' analysis as to the existence of a time bar to Plaintiff's Complaint. The Court finds that Plaintiff's claims are time barred[2] and that it would be futile to allow amendment.

## V. CONCLUSION

In light of Plaintiff's failure to respond to the motion to dismiss, and since it is undisputed that he did not pursue administrative relief with respect to the claims raised in the complaint, there is no discernible basis which would warrant an extension of the statute of limitations. The Court specifically concludes, based on the explanation above, that the action is time barred and further leave to amend the pro se Complaint would be futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

---

[2] Plaintiff's claims also do not fall under any of the exceptions listed in our appellate court's application of the equitable tolling doctrine and the doctrine itself is generally used sparingly. *Lake*, 232 F.3d at 370.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and Rule 72.D2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file written objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.


DATED:  December 8, 2015                                /s Cynthia Reed Eddy
                                                                           Cynthia Reed Eddy
                                                                           United States Magistrate Judge


cc:       WILLIAM SAVAGE
            JN8912
            SCI Fayette
            Box 9999
            LaBelle, PA 15450-0999

            Robert A. Willig
            Office of Attorney General
            (via CM/ECF electronic notification)